

Priority
Send ⟋
Enter
Closed _____
JS-5/JS-6 _____
JS-2/JS-3 _____
Scan Only_____

1

2

3

4

5

6

7

8   **UNITED STATES DISTRICT COURT**

9   **CENTRAL DISTRICT OF CALIFORNIA**

10   **WESTERN DIVISION**

11

| 12 JAMES RYAN and LAURIE ANN RYAN, | ) No. CV 02-4308-TJH (PLAx) |
| 13                       Plaintiffs, | ) **MEMORANDUM AND ORDER RE:** |
| 14                       v.          | ) **PARTIES' PROPOSED STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION** |
| 15 MTV NETWORKS, INC., a Delaware Corporation, et al., | ) |
| 16                       Defendants. | ) |
| 17 | ) |

18       The Court has received and considered the parties' proposed Stipulation and Protective

19   Order Re Confidential Information ("Protective Order").   The Court is unable to adopt the

20   Protective Order as stipulated to by the parties for the followings reasons:

21       First, the Court cannot agree that "[a]ll Discovery material . . . designated 'Confidential' filed

22   with the Court . . . shall be filed under seal." (See page 7, at ¶ 7).  To the extent the parties intend

23   that any pleading, paper or other document filed with the Court that <u>contains or discloses</u>

24   <u>confidential information</u> shall be filed under seal, the parties' proposal is overly broad and

25   conceivably covers every pleading filed in the action.  If confidential material is included in any

26   papers to be filed in Court, such papers shall be accompanied by an application to file the papers

27   -- or the confidential portion thereof -- under seal.  The application shall be directed to the judge

28

⑥

1    to whom the papers are directed.  Pending the ruling on the application, the papers or portions

2    thereof subject to the sealing application shall be lodged under seal.

3         Second, the Court will not agree to the procedures the parties propose in the event of a

4    dispute regarding the designation of confidential information.  (See page 8, at ¶ 8).  In the event

5    of a dispute regarding the designation of confidential information, the procedure for obtaining a

6    decision from the Court is that set forth in Local Rule 37.  If the parties want to file the Joint

7    Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect

8    or the moving party may file an ex parte application making the appropriate request.  The parties

9    *must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation*

10   *or portions thereof should be filed under seal.*

11        Third, the Court will not agree to have any of its personnel sign Exhibit A, the declaration

12   agreeing to be bound by the terms of the Protective Order.  The terms "[s]tenograph and court

13   reporters" shall not apply to court personnel.  (See page 4-5, at ¶ 4(a)(v) and ¶ 4(b).)

14        Finally, the parties should not include any language in the Protective Order that obligates

15   the Court to act in a certain manner in relation to the confidential documents.  (See, e.g., page

16   9, at ¶ 10).

17

18   DATED: October 22, 2002

19                                         PAUL L. ABRAMS
                                          UNITED STATES MAGISTRATE JUDGE
20

2