STROOCK & STROOCK & LAVAN LLP
BARRY B. LANGBERG (State Bar No. 45158)
DANIEL A. ROZANSKY (State Bar No. 161647)
MICHAEL J. NIBORSKI (State Bar No. 192111)
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959

Attorneys for Plaintiffs
JAMES RYAN and LAURIE ANN RYAN

FILED
10-25-02

Priority
Send
Enter
Closed
JS-5/
JS-2/
Scan Only

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RYAN and LAURIE ANN RYAN,<br><br>Plaintiffs,<br><br>vs.<br><br>MTV NETWORKS, INC., a Delaware Corporation; HARD ROCK HOTEL, INC., a Nevada Corporation; CHRISTOPHER ASHTON KUTCHER, an individual; and DOES 1-100, inclusive<br><br>Defendants. | Case No. 02-04308 TJH (PLAx)<br><br>**REVISED STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION**<br><br>[Fed. R. Civ. Proc. 26(c)] |

50192045V2

REVISED STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION

**IT IS HEREBY AGREED AND STIPULATED** by and between the parties hereto, through their respective attorneys of record, as follows:

### 1. DEFINITIONS

The following definitions shall apply to this Stipulation and Protective Order Re Confidential Information (the "Stipulation and Order"):

(a) "Action" shall refer to the above-entitled action in the United States District Court, Central District of California, any appeal thereof through final judgment and any enforcement of judgment.

(b) "Confidential" shall mean any Discovery Material (as defined herein) which any party to the Action or "Designating Party" (as defined herein) contends in good faith contains "Confidential Information" (as defined herein) and has designated "Confidential".

(c) "Confidential Information" shall mean such "Discovery Material" (as defined herein) which any party to the Action or any "Producing Party" (as defined herein) or "Designating Party" (as defined herein) contends in good faith should be protected from disclosure pursuant to this Stipulation and Order on the grounds that:

(i) the information constitutes a Trade Secret (as defined herein); or

(ii) the information is subject to a legally protected right of privacy or other privilege or protection from disclosure pursuant to constitutional, statutory or case law or disclosure of the information would otherwise constitute an unwarranted invasion of privacy.

(d) "Court" shall mean the court in which this Action is being prosecuted, and any other court in which "Discovery Material" (as defined herein) subject to this Stipulation and Order may be sought to be disclosed.

(e) "Designating Party" shall mean any "Producing Party" (as defined herein) or party to this Action which designates and marks "Discovery Material" (as defined herein) as "Confidential."

50192045V2
- 1 -
REVISED STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION

(f)  "Discovery Material" encompasses all information, documents, or materials produced for or disclosed to a party in discovery in this action, including but not limited to, any type of document including corporate, intra-corporate, interoffice and intra-office memoranda, correspondence, reports, technical drawings, blueprints, conversations, any and all other taped, recorded, filmed, magnetic, graphic, computerized, written or typed matters of any kind or description, including the originals and all nonidentical copies, whether different from the originals by reason of any notation made on such copies or otherwise, all interrogatory answers, responses to requests for admissions and for production of documents, deposition testimony and deposition exhibits, and any physical objects, samples, or other items produced or obtained from any "Producing Party" (as herein defined) in this Action.

(g)  "Legend" shall mean a large, bold stamp or similar insignia stating "CONFIDENTIAL".

(h)  "Producing Party" shall mean any party or party-affiliated, person or entity – including but not limited to employees, former employees, agents, former agents, health care providers and former health care providers – producing "Discovery Material" in this Action.

(i)  "Receiving Party" shall mean any party or party-affiliated, person or entity – including but not limited to employees, former employees, agents, former agents, health care providers and former health care providers – receiving "Discovery Material" in this Action.

(j)  "Trade Secret" shall be defined in accordance with California law.

## 2. SCOPE OF STIPULATION AND ORDER

(a)  This Stipulation and Order shall govern the designation and use of all Confidential Information produced in response to any method of discovery conducted by the parties.

(b)  Information obtained by or made available to any party at any time by lawful means other than through the discovery provisions of the Federal Rules of Civil Procedure shall not be subject to this Stipulation and Order.

(c)  Nothing in this Stipulation and Order shall prevent disclosure beyond the terms of this Stipulation and Order if the Designating Party consents in writing to such disclosure or if the Court, after notice to all affected persons, allows such disclosure.

(d)  Nothing in this Stipulation and Order shall prevent disclosure to any other person designated by the Court in the interests of justice, and on such terms that the Court may deem just and proper, including branches, agencies or instrumentalities of the federal, state or local government.

**3.   DESIGNATION OF "CONFIDENTIAL INFORMATION"**

(a)  Any Producing Party or any party to this Action may designate any Discovery Material or portion thereof "Confidential" pursuant to this Stipulation and Order by affixing the Legend to any Discovery Material which the Designating Party, in good faith, believes contains such Confidential Information. When any Discovery Material is so designated pursuant to this Stipulation and Order, the appropriate Legend shall be affixed to the cover of the original and each page designated "Confidential", and all copies thereof in a size and location which makes the designation readily apparent. Stamping the legend on the cover page or the first page of any multi-page document shall designate all pages of the document as confidential unless otherwise indicated by the Producing Party.

(b)  For purposes of disclosure to third parties – including expert witnesses and consultants -- all copies, extracts or summaries of any Discovery Material designated "Confidential" shall also constitute, and be treated as, Confidential Information as provided in this Stipulation and Order. Any person making, or causing to be made, copies, extracts or summaries of any Discovery Material designated as "Confidential" shall make certain that all copies, extracts or summaries

of such Discovery Material bear the Legend pursuant to the requirements of this Stipulation and Order.

(c) The designation of Discovery Material as "Confidential" shall be made only after a review by counsel for the Designating Party of the Discovery Material and a good faith determination that the designation is justified.

**4.   ACCESS TO DISCOVERY MATERIAL DESIGNATED "CONFIDENTIAL"**

(a) Except as set forth herein or by subsequent order of the Court, any Discovery Material designated as "Confidential" and any copies, extracts, or summaries made therefrom, and any facts or information contained therein or derived therefrom, shall be retained by the receiving counsel and his or her employees and shall not be disclosed by such counsel to any person except:

(i) The Receiving Party and parties to the Action and the employees, officers and directors of such persons as reasonably necessary for the prosecution, defense and/or appeal of this Action;

(ii) In-house and outside counsel representing the Receiving Party, the parties hereto, and said counsel's regular employees including paralegals, secretaries or other support staff or agents assisting counsel in connection with this Action;

(iii) Experts, independent contractors, consultants, or advisors who consult with, are employed or retained by or on behalf of one or more of the parties or their counsel to assist in connection with this Action or to testify at trial or any other proceeding in this Action;

(iv) Medical and/or other health care specialists who provide treatment to parties to this Action;

(v) Stenograph and court reporters and videographers who are employed in this Action, including, but not limited to, for the purpose of transcribing depositions, the trial or any hearings or proceedings before the Court;

1           (vi)    The Court and its employees;

2           (vii)   Photocopying, imaging, graphics, database creation and other similar vendors and their employees retained to receive, copy, or process documents in connection with this Action;

        (viii)  Any person (other than those identified above) who is indicated, on the face of the Discovery Material, to be an author or recipient of the Confidential Information;

        (ix)    Witnesses necessary to the prosecution and/or defense of this Action; and

        (x)     Other persons designated by mutual agreement of counsel for the parties.

     (b)    Counsel to a party desiring to disclose Discovery Material designated as "Confidential" to any of the persons referred to in subparagraph 4(a)(iii), (iv), (v), (ix) or (x) shall, prior to disclosure of the information, advise such person of the "Confidential" designation and the existence and terms of this Stipulation and Order. In addition, counsel shall, before disclosing such Confidential Information to persons identified in subparagraph 4(a) above, provide to each person a copy of this Stipulation and Order, and require such persons to sign an Acknowledgment of Receipt of Protective Order Regarding "Confidential" Information and Agreement to be Bound Thereby ("Acknowledgment and Agreement"), in the form set forth in Exhibit A hereto. The terms of this paragraph shall not require a person to whom Confidential Information is to be disclosed to execute a copy of the Acknowledgment and Agreement more than once, but the execution of the Acknowledgment and Agreement prior to the initial disclosure shall bind the person with respect to all subsequent disclosures of any other Confidential Information. This provision shall not apply to any Court personnel, including stenograph and court reporters as referenced in Section 4(a)(v) above.

(c) Counsel to the party making the disclosure shall retain the originally executed Acknowledgment and Agreement. If the person to whom disclosure is to be made fails to sign the Acknowledgment and Agreement despite reasonable attempts by counsel to procure his or her signature, the Confidential Information shall not be provided to such person without Court order.

(d) A Designating Party may disclose its own Confidential Information to any person with or without any conditions to such disclosure as it deems appropriate, but at the risk that such disclosure may cause such information to lose its "Confidential" designation.

5. **"CONFIDENTIAL - ATTORNEYS' EYES ONLY"**

Nothing herein shall be deemed to in any way prejudice the right of any party to this stipulation and order to seek a protective order from the court designating certain documents that contain sensitive, non-public financial information as "Confidential - Attorneys' Eyes Only" provided such motion is filed and served prior to the production of such documents. Further, nothing herein shall be deemed as a waiver of the right of a party to object to, or otherwise oppose, a motion for a protective order designating such documents as "Confidential - Attorneys' Eyes Only."

6. **"CONFIDENTIAL INFORMATION" DISCLOSED DURING DEPOSITIONS**

(a) If a party reasonably anticipates that Confidential Information will be discussed or disclosed during a deposition, that party may seek to exclude from the deposition room any person, other than those individuals specified in subparagraph 4(a), if the Confidential Information is designated "Confidential."

(b) Any person wishing to designate as "Confidential" deposition testimony or documents submitted as exhibits to a deposition may do so on the record during the deposition, or within 30 days after receipt of the deposition transcript and exhibits, by providing written notice of the designation to any affected person of the

1  portions of the transcript designated "Confidential." The right to make such
2  designation shall be waived unless made within the 30-day period. No deposition
3  may be read by anyone other than counsel, the deponent, and persons designated in
4  subparagraph 4(a) above during this 30-day period. Upon being informed within the
5  30-day period that certain portions of a deposition are to be designated
6  "Confidential," each party must cause each copy in their custody or control to be so
7  marked immediately, subject to subsequent objection to such designation as provided
8  by paragraph 8 herein. The parties shall cooperate to the extent reasonable and
9  practical to segregate such Confidential Information designated as "Confidential"
10 into a separate document or transcript.

11        (c)     Designation as "Confidential" of the deposition transcript or any portion
12 thereof, including any exhibits attached thereto, shall be made if there is a statement
13 to that effect on the record by the witness, the Producing Party, any party to the
14 Action or their respective counsel. Should such statement be made, the stenographer
15 of the deposition shall affix the Legend to the cover page of the transcript and all
16 appropriate pages or exhibits of the transcript, and to each copy thereof. The failure
17 of the stenographer to so designate the transcript shall not result in a waiver of its
18 "Confidential" designation.

19        (d)     Any party may object to the "Confidential" designation, in accordance
20 with the procedures described in paragraph 8 herein.

21 7.    **"CONFIDENTIAL INFORMATION" DISCLOSED IN COURT**
22        **PROCEEDINGS**

23        Any party desiring to file any paper with the Court that contains or discloses
24 Discovery Material or other material designated "Confidential," including, without
25 limitation, any pleading, motion papers, briefs, memoranda, or deposition transcripts,
26 shall file such paper with the Court accompanied by an application to file the papers
27 – or the confidential portion thereof – under seal. The application shall be directed to
28 the judge to whom the papers are directed. Pending the ruling on the application, the

1  papers or portions thereof subject to the sealing application shall be lodged under
2  seal.

### 8. OBJECTION TO DESIGNATION

(a) Unless and until otherwise ordered by the Court, or otherwise agreed by the parties, all Discovery Material designated "Confidential" shall be treated as such under this Stipulation and Order.

(b) In the event of a dispute between the parties regarding the designation of Confidential Information, the parties shall comply with Local Rule 37 in order to seek resolution of the dispute by the Court. If the parties want to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

### 9. PRESERVATION OF OBJECTIONS

Notwithstanding anything to the contrary contained herein, all objections as to the form and scope of discovery and/or to the admissibility in evidence or other use of Discovery Material subject to this Stipulation and Order are reserved and are not waived in any respect by any terms of this Stipulation and Order or by production of Discovery Material in this Action. Accordingly, this Order also shall not be construed as a waiver of any right to object to the furnishing of documents and/or information in response to discovery based on any lawful grounds including, without limitation, that the information sought is privileged, irrelevant, burdensome or otherwise nondiscoverable or inadmissible at trial or proceedings in this Action.

### 10. RETURN OR DESTRUCTION OF CONFIDENTIAL MATERIAL

Upon the termination of this litigation, including any appeal pertaining thereto, all Discovery Material designated as "Confidential" and all copies thereof shall, at the Designating Party's option, be returned or destroyed, except that counsel shall be

1 entitled to retain all material constituting work product containing such Discovery Material to the extent necessary to preserve a file in this matter, as long as any such file is maintained in accordance with the provisions of this Stipulation. This provision shall not apply to the Court or any of its personnel.

**11. RELIEF FROM TERMS OF STIPULATION AND ORDER**

(a) This Stipulation and Order may be amended without leave of Court by the mutual agreement of counsel for all parties in this Action in the form of a stipulation that shall be filed with the Court. Any such amendment shall become null and void if rejected by the Court.

(b) At any time, any party or affected person may move the Court, upon notice, for relief from the terms of this Stipulation and Order or for imposition of additional protections with respect to any specified material.

(c) Nothing in this Stipulation and Order shall be construed to prohibit a Producing Party or any party to this Action from seeking relief from inadvertent or unintentional disclosure of privileged or otherwise protected information.

**12. MISCELLANEOUS**

(a) The taking of any action in accordance with the provisions of this Stipulation and Order shall not be construed as a waiver of any claim or defense in this matter.

(b) The procedures set forth herein shall not relieve a person of the necessity of making timely responses or objections to discovery requests or relieve any party of its obligations arising under the Federal Rules of Civil Procedure.

(c) Nothing in this Protective Order shall limit any Producing Party's use of its own documents or shall prevent any Producing Party from disclosing its Confidential Information to any person. Such disclosure shall not affect any Confidential Information designation made pursuant to the terms of the Stipulation and Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

1  (d) If at any time any document or information protected by this Stipulation and Order is subpoenaed by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the party to whom the subpoena or other request is directed shall give written notice within five business days to any Designating Party. The party to whom the subpoena or other request is directed shall not be required to oppose such subpoena or request and may, in the absence of receipt by the Designating Party of an applicable protective order in such separate proceeding provided to the party subject to the subpoena at least two business days prior to the deadline for production, comply therewith.

(e) The parties to this Action agree that the terms and conditions of this Stipulation and Order are the result of negotiations between their counsel, and that this Stipulation and Order shall not be construed in favor of or against any party by reason of the extent to which its counsel participated in the drafting of this Stipulation and Order.

(f) When reference is made in this Stipulation and Order to any Discovery Material or party, the singular shall include the plural, and plural shall include the singular.

(g) The terms of this Stipulation and Order shall survive and continue to be binding on all affected persons after this matter is resolved, subject to any subsequent modifications of this Stipulation and Order by the Court.

(h) This Court shall retain jurisdiction to make such amendments, modifications and additions to this Stipulation and Order as it may from time to time deem appropriate.

(i) Nothing herein shall prevent any party to this Agreement from seeking an order modifying the terms of this Agreement; provided however, that the time set forth herein for objecting to producing a particular document has not yet expired; and

50192045V2

- 10 -

REVISED STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION

1 | provided further that nothing in this subparagraph shall be deemed a waiver by any
2 | party of its right to oppose any such effort to modify this agreement on the grounds
3 | that said party's acts in reliance on the original terms of this agreement would result
4 | in inequity, prejudice, or unfairness if those terms were to change.

Dated: October 24, 2002

STROOCK & STROOCK & LAVAN LLP
BARRY B. LANGBERG
DANIEL A. ROZANSKY
MICHAEL J. NIBORSKI

By: /s/ Michael J. Niborski
Michael J. Niborski
Attorneys for Plaintiffs
JAMES RYAN and LAURIE ANN RYAN

Dated: October 24, 2002

WHITE O'CONNOR CURRY GATTI & AVANZADO LLP
ANDREW M. WHITE
JONATHAN H. ANSCHELL

By: /s/ Jonathan H. Anschell
Jonathan H. Anschell
Attorneys for Defendants
MTV NETWORKS, INC., a division of VIACOM INTERNATIONAL INC.
HARD ROCK HOTEL, INC.
CHRISTOPHER ASHTON KUTCHER

50192045V2

- 11 -

REVISED STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION

# EXHIBIT A

## ACKNOWLEDGMENT OF RECEIPT OF PROTECTIVE ORDER REGARDING "CONFIDENTIAL" INFORMATION AND AGREEMENT TO BE BOUND THEREBY

I, the undersigned, hereby state and declare:

1. I acknowledge receipt of a copy of the Stipulation and Protective Order Re Confidential Information (the "Stipulation and Order"), which I understand was made on _____, 2002, in the action entitled _____, in the United States District Court, Central District of California.

2. I have read and reviewed the Stipulation and Order and agree that I will be bound by its provisions with respect to any Confidential Information provided to me under the terms thereof.

3. I agree that, if I receive any Confidential Information, I will not make any copies thereof nor disclose such information, except as permitted by the Stipulation and Order.

4. I further understand that if I fail to comply with the terms of the Stipulation and Order, I may be subject to sanctions by the Court and I hereby consent to personal jurisdiction in the State of California with respect to any matter relating to or arising out of the Stipulation and Order.

Executed this ____ day of, _____, at _____, _____.

By: _____

Its: _____

_____
[Print Name Here]

## ORDER

Based upon the ^REVISED Stipulation of the parties, and good cause appearing therefore, IT IS SO ORDERED.

DATED: OCTOBER 25, 2002

[signature]

~~JUDGE, UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA~~

**U.S. MAGISTRATE JUDGE**

|   |   |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | STATE OF CALIFORNIA  ) |
|   |                     ) ss |
| 3 | COUNTY OF LOS ANGELES ) |

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Suite 1800, Los Angeles, California 90067-3086.

On October 24, 2002, I served the foregoing document(s) described as: **REVISED STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

> WHITE O'CONNOR CURRY
> GATTI & AVANZADO LLP
> Andrew M. White, Esq.
> Jonathan H. Anschell, Esq.
> 10100 Santa Monica Boulevard
> 23rd Floor
> Los Angeles, CA 90067

☐ **(VIA PERSONAL SERVICE)** By personally delivering the document(s) listed above to the person(s) at the address(es) set forth above.

☒ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

☐ **(VIA FACSIMILE)** By causing such document to be delivered to the office of the addressee via facsimile.

☐ **(VIA OVERNIGHT DELIVERY)** By causing such envelope to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express or by a similar overnight delivery service.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 24, 2002, at , California.

Gayle Grace
[Type or Print Name]     [Signature]

50192045V2

REVISED STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION